# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RAQUEL P. PEAKE o/b/o K.R.D.,**

        **Plaintiff,**

-vs-                                        **Case No. 6:06-cv-1863-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the Complaint filed by Raquel P. Peake, appearing *pro se* on behalf of her son K.R.D, seeking review of the final decision of the Commissioner of Social Security denying the claim for supplemental security income (SSI) benefits for K.R.D.  Doc. No. 1.  The Commissioner answered the Complaint and filed a certified copy of the record before the Social Security Administration (SSA).  Doc. Nos. 10, 12.

Under the law of this circuit, parents do not have the right to represent their children in federal court.  *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576 (11th Cir. 1997).  In *Devine*, a complaint was filed by counsel asserting that the defendant was violating the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.,* with respect to a disabled minor, John.  During the litigation, John's father sought to discharge the attorney handling the case and requested leave to represent John *pro se*.  The district court denied the motion stating that "Rule 17(c) . . . permits authorized representatives, including

parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel." *Id.* at 581.  The court stated that it would follow the "usual rule -- that parents who are not attorneys may not bring a *pro se* action on their child's behalf -- because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents."  *Id.* at 582.

The United States Supreme Court thereafter determined that a parent has independent rights under the IDEA that he or she may assert. *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 127 S. Ct. 1994, 2006 (2007).  The Court declined to decide, however, whether a parent could litigate *pro se* her child's rights under the IDEA.  *Id.* at 2007.  Accordingly, the *Devine* decision prohibiting a parent from representing a child's rights without use of an attorney is still binding on this court.[1]

I note that there are many attorneys who practice in this Court who represent indigent social security disability claimants.  Because the issues subject to review by this Court are limited to those specifically raised by the plaintiff, doc. no. 13 at 2, this is not a case in which there would be no prejudice to K.R.D. if he were represented by someone who is not an attorney licensed to practice in this Court.

---

[1] I am aware that other courts have permitted parents to represent their minor children in appeals of the denial of applications for SSI benefits. *See, e.g, Price v. Barnhart*, 129 Fed. Appx. 699, 700 (3d Cir. 2005); *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002); *Harris v. Apfel*, 209 F.3d 413, 415 (5th Cir. 2000); *Moore ex rel. Moore v. Barnhart*, No. 02-C-0401-C, 2003 WL 23163110, at *2 (W.D. Wis. June 20, 2003).  I have not found any case in which the United States Court of Appeals for the Eleventh Circuit has permitted a parent who is not an attorney to represent a minor child in such an appeal.  Accordingly, I follow the rule in *Devine* absent other guidance from the Eleventh Circuit or the United States Supreme Court.

Accordingly, it is **ORDERED** that the present case is **DISMISSED** without prejudice to filing a motion to reopen the case within ninety days from the date of this order through an attorney appearing on behalf of Peake and K.R.D. The Clerk of Court is directed to close the file.

**DONE** and **ORDERED** in Orlando, Florida on February 20, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties